IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENKA PERFORMANCE ELASTOMER LLC,** | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 23- CV-00147<br>)<br>) SECTION J(5) |
| v. | )<br>) JUDGE BARBIER |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator,** | )<br>) MAG. JUDGE NORTH<br>) |
| Defendants. | )<br>) |

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Denka Performance Elastomer LLC ("DPE") hereby gives notice that the above-captioned action is voluntarily dismissed without prejudice. Defendants United States Environmental Protection Agency ("EPA") and Administrator Michael S. Regan have been served with process and have not served answers or motions for summary judgment in this action, referred to herein as *DPE v. EPA*. DPE has not dismissed any other action based on or including the same claim or claims as those presented in *DPE v. EPA*. Accordingly, DPE notices the voluntary dismissal of *DPE v. EPA* without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

For the Court's convenience, DPE notes the following related procedural points:

1. On January 11, 2023, after diligently pursuing and exhausting its administrative remedies, DPE filed this action alleging that EPA's 2010 Toxicological Review of Chloroprene and subsequent setting of a stringent inhalation unit risk ("IUR") value for chloroprene was

arbitrary, capricious, an abuse of discretion, and not in accordance with law in violation of the Administrative Procedure Act ("APA").

2. On February 28, 2023, the United States initiated a separate action in this Court alleging that emissions of chloroprene from DPE's manufacturing facility in LaPlace, Louisiana (the "Facility") constitute an imminent and substantial endangerment under Section 303 of the Clean Air Act. *United States of America v. Denka Performance Elastomer LLC et al*, No. 2:23-cv-735-CJB-MBN ("*US v. DPE*"). R. Doc. 1. That action was transferred to this Section of the Court by Order dated March 15, 2023. *US v. DPE*, R. Doc. 6.

3. On March 20, 2023, the United States filed a motion for preliminary injunction ("PI Motion") in *US v. DPE*, alleging an imminent and substantial endangerment and seeking a shutdown of the Facility unless DPE complied with a series of prescriptive requirements not required by any regulation. *US v. DPE*, R. Doc. 9.

4. Also on March 20, 2023, the government defendants in *DPE v. EPA* filed a motion to dismiss DPE's Complaint ("Motion to Dismiss"), alleging lack of subject matter jurisdiction. R. Doc. 27. The Motion to Dismiss was noticed for submission on April 19, 2023, R. Doc. 28, making DPE's response due on April 11, 2023. However, the Motion to Dismiss has been rendered moot due to this notice of voluntary dismissal of *DPE v. EPA*. *See, e.g., Envtl. Safety & Health Consulting Serv. Inc. v. Asset Lifecycle Mgmt., LLC*, No. 20-2906, 2022 U.S. Dist. LEXIS 197140, *8 (E.D. La. Jan. 10, 2022) (Guidry, J.) (denying defendant's motion to dismiss as moot based on plaintiff's notice of voluntary dismissal without prejudice as to that defendant).

5. On March 28, 2023, DPE filed its answer and counterclaims in *US v. DPE*. R. Doc. 22. DPE's counterclaims in *US v. DPE* are nearly identical to the claims in *DPE v. EPA* that are being voluntarily dismissed, although DPE's counterclaims in *US v. DPE* are updated to assert

additional allegations, including additional allegations in support of the Court's subject matter jurisdiction. DPE's counterclaims in *US v. DPE* will play a central role in DPE's defense, including its defense to the United States' PI Motion, and DPE intends to pursue its counterclaims to judgment. Rather than amend its Complaint in *DPE v. EPA* and seek the Court's permission to consolidate, DPE voluntarily dismisses its Complaint for judicial economy that achieves essentially the same result.

Dated: April 11, 2023

Respectfully submitted,

*/s/ Robert E. Holden*
JONES WALKER LLP

| | |
|---|---|
| David A. Super (*pro hac vice*) | |
| Jason B. Hutt (*pro hac vice*) | |
| Jeffrey R. Holmstead (*pro hac vice*) | James C. Percy (La. Bar No. 10413) |
| Kevin M. Voelkel (*pro hac vice*) | 445 N. Boulevard, Suite 800 |
| BRACEWELL LLP | Baton Rouge, LA 70802 |
| 2001 M Street NW, Ste. 900 | Telephone: (225) 248-2130 |
| Washington, DC 20006 | Facsimile: (225) 248-3130 |
| (202) 828-5800 | jpercy@joneswalker.com |
| david.super@bracewell.com | |
| jason.hutt@bracewell.com | Robert E. Holden (La. Bar No. 06935) |
| jeff.holmstead@bracewell.com | Brett S. Venn (La. Bar No. 32954) |
| kevin.voelkel@bracewell.com | 201 St. Charles Ave., Suite 5100 |
| | New Orleans, LA 70170 |
| | Telephone: (504) 582-8000 |
| | Facsimile: (504) 582-8583 |
| | bholden@joneswalker.com |
| | bvenn@joneswalker.com |

***Counsel for Plaintiff Denka Performance Elastomer LLC***